UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RYAN MATHIAS, individually,
and on behalf of other
members of the general
public similarly situated,
as an aggrieved employee
pursuant to the Private
Attorney General Act ("PAGA"),

        Plaintiff,

        v.

RENT-A-CENTER, INC., a
Delaware Corporation; and
DOES 1 through 10, inclusive,

        Defendants.

CIV. NO. S-10-1476 LKK/KJM

O R D E R

Plaintiff brings individual and class claims concerning his employment with defendant. The court denied defendant's motion to compel arbitration. Defendant now moves to stay proceedings pending resolution of its appeal of this court's order denying its motion to compel. For the reasons described below, the court stays the above captioned case for fourteen days such that defendant may seek a stay from the Court of Appeals.

////

**I. BACKGROUND**

On August 30, 2010, the court heard defendant's motion to compel arbitration and to stay plaintiff's non-arbitrable claims under California's Private Attorneys General Act (PAGA) claims. Defendant contended that <u>Stolt-Nielson v. Animalfeeds Int'l Corp.</u>, --- U.S. ----, 130 S.Ct. 1758 (2010) preempts California law concerning the enforceability of class action waivers. On September 15, 2010, the court held that <u>Stolt-Nielson</u> does not preempt <u>Gentry v. Super. Ct.</u>, 42 Cal. 4th 443 (2007). The court described the two manners under <u>Gentry</u> that a class action waiver may be found unenforceable: (1) as unconscionable or (2) as an unwaivable statutory right. Then, the court concluded that the class action waiver at issue was unenforceable as an unwaivable statutory right. The court relied upon evidence submitted by defendant that plaintiff's salary at the time of his termination was no more than $12.94 per hour. Further, the court recognized that defendant did not raise any arguments as to the application of <u>Gentry</u> to the instant case aside from the preemption argument.

On September 21, 2010, defendant filed two notices of appeal. First, it appealed this court's order denying the motion to compel arbitration. Second, it appealed the order denying a stay of the PAGA claims.[1] On September 22, 2010, defendant moved to stay proceedings pending resolution of its appeals. It argues that

---

[1] The court notes that it did not explicitly rule on the motion to stay. That motion was dependent on the court granting the motion to compel.

serious legal questions are raised in its appeals, and that the balance of hardships tips sharply in its favor. Specifically, defendant contends that these two serious legal questions are raised in its appeal: (1) whether the FAA preempts California law regarding the enforceability of class action waivers in arbitration agreements; and (2) whether plaintiff submitted sufficient evidence to demonstrate that the waiver at issue here is unenforceable under California law. It further discusses the hardships it will face if proceedings are not stayed. These generally concern class action litigation expenses. Plaintiff timely opposed the motion, arguing both that serious questions are not raised and that the balance of hardships does not tip in favor of defendant because litigation of his PAGA claims will demand similar litigation expenses to his class claims. The court heard the motion on October 25, 2010.

## II. STANDARD FOR A MOTION TO STAY

The court has the inherent power to stay proceedings in cases over which it presides. Rohan ex rel. Gates v. Woodford, 334 F.3d 803, 817 (9th Cir. 2003); Landis v. North American Company, 299 U.S. 248, 254 (1936). In determining whether to issue a stay pending an interlocutory appeal, courts must consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776, (1987). In applying these factors, the Ninth Circuit has applied a "sliding scale" to

evaluation of the first three factors, which is defined by its two extremes. <u>Golden Gate Rest. Ass'n v. City of San Francisco</u>, 512 F.3d 1112, 1116 (9th Cir. 2008). At one end, a party seeking a stay may show either "a strong likelihood of success on the merits" of the appeal together with "the possibility of irreparable injury" in the absence of a stay. <u>Id.</u> (quoting <u>Natural Res. Def. Council, Inc. v. Winter</u>, 502 F.3d 859, 862 (9th Cir. 2007)). At the other end, the moving party may show that "serious legal questions are raised and that the balance of hardships tips sharply in its favor." <u>Id.</u> (quoting <u>Lopez v. Heckler</u>, 713 F.2d 1432, 1435 (9th Cir. 1983)).

This standard substantially overlaps the standard for issuance of a preliminary injunction. <u>Nken v. Holder</u>, --- U.S. ----, 129 S.Ct. 1749, 1761 (2009) (citing <u>Winter v. Natural Res. Def. Council</u>, 555 --- U.S. ----, 129 S.Ct. 365, 370 (2008)); <u>see also Golden Gate</u>, 512 F.3d at 1115. In the preliminary injunction context, the Supreme Court has recently limited the Ninth Circuit's sliding scale approach, holding that a plaintiff must show that "he is likely to suffer irreparable harm in the absence of preliminary relief" regardless of the likelihood of success on the merits. Winter, 129 S.Ct. at 374, <u>rev'g</u> 502 F.3d 859 (9th Cir. 2007). The Supreme Court's decision in <u>Winter</u> did not limit the use of the sliding scale approach in the stay context, however. The Court has held that the two standards are similar "not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the

4

1  legality of that action has been conclusively determined." <u>Nken</u>,
2  129 S.Ct. at 1761. Thus, <u>Winter</u> did not implicitly abrogate <u>Golden</u>
3  <u>Gate</u>, and <u>Golden Gate</u> remains the controlling authority.

### III. ANALYSIS

Defendant only moves for a stay under the theory that "serious legal questions are raised and that the balance of hardships tips sharply in its favor." The parties exert significant effort disputing whether serious legal questions are raised. It is quite apparent, however, that defendant's appeal concerning its motion to compel arbitration raises serious questions. Determination of whether the Federal Arbitration Act preempts generally applicable California law concerning class action waivers is a serious question. This is evidenced by the Supreme Court's grant of certiorari on a similar question in <u>AT&T Mobility, LLC v. Concepcion</u>, --- U.S. ----, 130 S.Ct. 3322 (2010). Further, the question of the evidence necessary to make a class action waiver unenforceable under the <u>Gentry</u> factors is also serious in that the California Supreme Court indicated that all class action waivers in overtime cases are not per se unenforceable, yet nonetheless did not provide any explanation or example of a class action waiver in an overtime case that would be enforceable.[2]

---

[2] The question of whether plaintiff provided evidence of unconscionability, however, is not a serious question because this court did not hold that the class action waiver was unconscionable nor did plaintiff argue in its opposition to the motion to compel arbitration that the waiver was unconscionable. Further, this court's "denial" of the motion to stay plaintiff's PAGA claims does

5

Accordingly, the question that remains is whether the balance of hardships tips sharply in defendant's favor. Defendant argues that the balance tips in its favor because the cost of class litigation far surpasses that of individual arbitration. The court admits that if the question were merely that of classwide litigation, on the one hand, and individual arbitration, on the other, versus plaintiff's hardship in delay, the balance of hardships may tip strongly in defendant's favor. Another factor, however, is at play here: plaintiff also brings claims under California's Private Attorney General Act (PAGA), Cal. Lab. Code § 2699. Under this statute, plaintiff may bring an action against an employer "on behalf of himself or herself <u>and</u> other current or former employees." <u>Arias v. Superior Court</u>, 46 Cal. 4th 969, 981 (2009) (quoting Cal Lab. Code. § 2699(a)) (emphasis added). As the California Supreme Court explained,

> An employee plaintiff suing, as here, under the Labor Code Private Attorneys General Act of 2004, does so as the proxy or agent of the state's labor law enforcement agencies. The act's declared purpose is to supplement enforcement actions by public agencies, which lack adequate resources to bring all such actions themselves. . . . In a lawsuit brought under the act, the employee plaintiff represents the same legal right and interest as state labor law enforcement agencies-namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor Workforce Development Agency.

<u>Id.</u> at 986 (citations omitted).

---

not raise serious questions because the court did not consider whether to stay the claims in its prior order. Rather, the motion to stay was contingent upon this court granting defendant's motion to compel arbitration.

1  Defendants contend that a PAGA claim is merely an
2 additional remedy to be determined following an employee's
3 successful individual or class wage and hour claim(s). That is
4 simply not the case. As described above, a PAGA claim is a
5 separate cause of action. Here, the arbitration agreement
6 specifically prohibits arbitration of PAGA claims. Accordingly,
7 the court must decide whether it would stay litigation of
8 plaintiff's PAGA claims if the Court of Appeals or Supreme Court
9 reverses its order denying the motion to compel. If it would
10 stay the litigation, then the balance of the hardships may tip
11 sharply in defendant's favor. If not, the balance does not so
12 tip because plaintiff will be entitled to discovery from
13 defendant on a large scale basis. Given the mandate under PAGA,
14 as described by the California Supreme Court, the court cannot
15 find that it would stay litigation of the PAGA claims pending
16 arbitration of plaintiff's individual claim. Thus, this court
17 finds that the balance of hardships does not tip sharply in
18 defendant's favor. Nonetheless, the court will grant a temporary
19 stay so that defendant can seek a stay from the Ninth Circuit.

### IV. CONCLUSION

21  For the foregoing reasons, the court ORDERS that
22 defendant's motion to stay pending appeal, ECF No. 24, is
23 DENIED.
24 ////
25 ////
26 ////

7

1  The court FURTHER ORDERS that this case shall be stayed for
2 fourteen (14) days so that defendant may seek a stay from the
3 Court of Appeals.
4  IT IS SO ORDERED.
5  DATED: October 27, 2010.

```
                    LAWRENCE K. KARLTON
                    SENIOR JUDGE
                    UNITED STATES DISTRICT COURT
```