UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RYAN MATHIAS, individually,
and on behalf of other
members of the general
public similarly situated,
as an aggrieved employee
pursuant to the Private
Attorney General Act ("PAGA"),

        Plaintiff,

        v.

RENT-A-CENTER, INC., a
Delaware Corporation; and
DOES 1 through 10, inclusive,

        Defendants.

CIV. NO. S-10-1476 LKK/KJM

O R D E R

    Plaintiff in the above captioned case brings class wage and hour claims against his former employer. On September 15, 2010, the court denied defendant's motion to compel arbitration on the grounds that the class action clause in the arbitration agreement is unenforceable under California law. Defendant appealed this order to the Ninth Circuit. On October 28, 2010, the court denied defendant's motion for a stay pending appeal on the grounds that the balance of hardships did not tip sharply in defendant's favor. It did, however, grant a limited stay so that defendant may seek

a further stay from the Ninth Circuit. Defendant sought such a stay and the Circuit granted a limited stay of appellate proceedings pending resolution of AT&T Mobility v. Concepcion, 130 S.Ct 3322 (2010). The Circuit did not stay proceedings before the district court. On April 27, 2011, the Supreme Court issued an opinion in Concepcion deciding that California law finding that some class action waivers in consumer arbitration agreements are unconscionable is preempted by the Federal Arbitration Act. This decision raises a very serious question of whether California law finding some class action waivers in employment arbitration agreements to be unenforceable as unconscionable or as unenforceable under the so-called Gentry[1] factors may also be preempted.

For the foregoing reasons, the court ORDERS as follows:

(1) In light of the Court's recent ruling, all proceedings in the above captioned case are STAYED.

(2) The status conference set for May 16, 2011 is VACATED.

(3) The Clerk of Court is instructed to ADMINISTRATIVELY CLOSE this case. Plaintiff shall inform the court to re-open this case within fourteen (14) days of a final decision on defendant's appeal.

IT IS SO ORDERED.

DATED: May 12, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] Gentry v. Super. Ct., 42 Cal. 4th 443 (2007).